UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ANGIE RENEE REARDON**,

Debtor.

Case No. **08-60861-7**

*MEMORANDUM OF DECISION*

At Butte in said District this 19th day of February, 2009.

In this Chapter 7 case the Trustee Richard J. Samson ("Samson") filed on September 4, 2008, an objection to the Debtor's claim of exemption in a 2007 Dodge Grand Caravan with a wheel chair conversion kit (hereinafter the "Van"), which she claimed as exempt as a "professionally prescribed health aid" under MONT. CODE ANN. ("MCA") § 25-13-608(1)(a). The Debtor filed a response, and a hearing on the Trustee's objection was scheduled to be held after due notice at Missoula on November 11, 2008. Samson and Debtor's attorney Gregory E. Paskell appeared at the hearing and stated that they agreed to submit the matter on stipulated facts and briefs, based upon which the Court vacated the hearing. The parties filed a Statement of Agreed Facts, then filed a Stipulation on January 12, 2009, with letters from the Debtor's physician and from Debtor's physical therapist, and have filed their briefs, which have been reviewed by the Court together with the record and applicable law. This matter is ready for decision.

At issue is whether the Trustee has satisfied his burden of proof under F.R.B.P. 4003(c) to show that Debtor's exemption in the Van is not properly claimed. For the reasons set forth

1

below the Trustee's objection will be overruled by separate Order.

This Court has jurisdiction in this Chapter 7 case under 28 U.S.C. § 1334(a). The Trustee's objection to Debtor's claim of exemption in the Van is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision includes this Court's findings of fact and conclusions of law pursuant to F.R.B.P. 7052 (applying FED. R. CIV. P. 52).

## FACTS

The parties filed a statement of the following agreed facts:

1. The Debtor filed her Chapter 7 petition with the Court on July 7, 2008.

2. In response to Question 25 on Schedule B, the Debtor listed/disclosed her ownership interest in a "2007 Dodge Grand Caravan w/ wheelchair conversion kit."

3. The Debtor listed the current value for the 2007 Dodge Caravan at $35,000.00.

4. On Schedule C the Debtor's [sic] claims the "2007 Dodge Grand Caravan w/ wheelchair conversion [p]urchased w/ prescription by Dept. Human Resources & Voc Rehab", as fully exempt in the sum of $35,000.00. The statutory basis for the Debtor's claimed exemption in the subject vehicle is referenced as M.C.A. § 25-13-608(1)(a).

5. The subject vehicle was purchased for the Debtor on or about April 16, 2008, and is titled solely in the Debtor's name. Funding for the purchase of the subject vehicle was provided by the Montana Department of Public Health & Human Services, Vocational Rehabilitation and Northwest Montana Human Resource Council.

6. At the time of purchase, the subject vehicle came equipped with a wheel chair lift/conversion kit.

7. Further, the vehicle was not subject to any liens or encumbrances as of the date of the filing of the Chapter 7 petition. The subject vehicle is property of the estate pursuant to 11 U.S.C. § 541(a)(1).

8. The Debtor is an individual who suffers from paralysis from her waist

down and is unable to walk. The Debtor utilizes a wheelchair for her mobility needs.

9. The Debtor is divorced and has sole custody of a daughter. Other than a small monthly child support payment from her former spouse, the Debtor is solely responsible for the care of her child.

10. The Debtor's Schedule I filed in this case reflects average monthly income in the amount of $1,862.83. That amount includes the sum of $297.68 in child support. The Debtor's Schedule F reflects average monthly expenses in the sum of $2,051.00.

11. Because of the Debtor's limited mobility, she is unable to effectively pursue a job, seek health care assistance, or care for her or her family's needs without the availability of transportation. The subject vehicle is the Debtor's sole means of transportation.

12. The Debtor has been unable to provide a written prescription for the subject vehicle prior to the date of its purchase in April 2008. The Debtor would testify that her physician offered to write a prescription at the time of the purchase of the vehicle, but the Debtor was advised that a prescription was not necessary due to the determination of an appropriate disability by both her medical providers and the Social Security Administration at the time of purchase of the van. Debtor would further testify that her treating physician and/or medical personnel from Vocational Rehabilitation will execute a written prescription at the current time, stating her need for the vehicle both prior to and after the filing of her bankruptcy petition and also indicating the date she first became disabled.

13. The value of the subject vehicle would be significantly reduced if the conversion components were removed. Many of the vehicle's interior components were removed and the interior floor of the van was lowered, along with other physical changes, in order to accommodate the van for the wheel chair conversion. Without the conversion kit, the interior of the van would be primarily a "shell".

14. On September 4, 2008, the Trustee filed a timely objection with the Court to the Debtor's claim of exemption in the 2007 Dodge Grand Caravan.

Additional facts were developed by Stipulation (Docket No. 30), which includes two letters. The first is from Lisa Fleischer, M.D., dated 12/23/2008 and states:

This letter is in reference to case # 08-60-861-2. Angie Reardon was a patient

> here at our clinic at the time she acquired her handicap accessible van. When she acquired the van it was not necessary for her to have a prescription for it. Ms. Reardon is a paraplegic due to an MVA that occurred over a decade ago. This condition will never change and she will need the vehicle indefinitely.

The second letter attached to Docket No. 30 is from Benjamin Kingman ("Kingman"), DPT, CSCS, of Whitefish Physical, Occupational, & Speech Therapy, to Samson dated January 7, 2009, and states:

> As Angie Reardon's Physical Therapist, it is my professional opinion that her continued independence hinges greatly on retaining her current vehicle. As a paraplegic since 1995, Angie has no use of her lower extremities. The use of a vehicle with a chair-lift is essential to her maintaining a job, making regular medical appointments, and general transportation. Angie is also a single mother who does not have anyone else to provide her with her regular transportation. She relies solely on herself to drive on a daily basis. Furthermore, transferring from her chair to a car seat would be nearly impossible on a regular basis and would lead to further breakdown of her upper extremities and low back.
>
> Again, in my professional opinion, Ms. Reardon's current level of independence including work, childcare, and compliance with medical appointments depends greatly on keeping her van with a chair-lift.

## DISCUSSION

Debtor listed her claim of exemption in the Van on her Schedule C, along with her other exemptions, pursuant to 11 U.S.C. § 522(b)(2) and F.R.B.P. 4003(a). The Trustee filed a timely objection to Debtor's claimed exemption in the Van pursuant to Rule 4003(b). Rule 4003(c) provides in pertinent part that "the objecting party has the burden of proving that the exemptions are not properly claimed."

Section 522(b)(2)(A) applies state or local exemption law "that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition." Pursuant to 11 U.S.C. §

4

522(b)(2), Montana has opted out of the federal exemption scheme by means of MCA § 31-2-106[1]. *In re Reilly,* 18 Mont. B.R. 193, 194-95 (Bankr. D. Mont. 2000); *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr. D. Montana 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr. D. Mont. 1998). Thus, the Court looks to state law rather than federal law to determine the allowance of the Debtor's claimed exemption in her Van. *In re Reilly,* 18 Mont. B.R. at 194-95; *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. D. Mont. 1993).

Section 25-13-608(1)(a) provides:

> **Property exempt without limitation** – exceptions. (1) A judgment debtor is entitled to exemption from execution of the following:
>
> (a) professionally prescribed health aids for the judgment debtor or a dependent of the judgment debtor[.]

The phrase "professionally prescribed health aids" is not defined in Part 6, and the Court has found no Montana case law defining the phrase. Under Montana law exemption statutes must be liberally construed in favor of debtors. *In re Reilly*, 18 Mont. B.R. at 195; *In re Schmitz*, 16 Mont. B.R. at 515; *In re Mackenzie*, 16 Mont. B.R. at 343; *Glass v. Hitt* (*In re Glass*), 60 F.3d 565, 570 (9th Cir. 1995); *In re Gagne*, 10 Mont. B.R. 200, 204 (Bankr. Mont. 1991); *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132, 135 (1986). With such guidance, and placing the burden of proof on the objecting party, the Court turns to the Trustee's objection.

The Trustee admits that the Van was purchased for the Debtor by the State of Montana Department of Health and Human Services, Vocational Rehabilitation, and Northwest Montana

---

[1]Section 31-2-106 provides in pertinent part: "**Exempt Property – bankruptcy proceeding**: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6, . . . ."

Human Resource Council, and came equipped with a wheelchair lift/conversion kit. However, he objects to the Debtor's exemption in the Van because MCA § 25-13-608(1)(a) requires that it be professionally prescribed. The Trustee cites *In re Driscoll*, 179 B.R. 664, 665 (Bankr. D. Or. 1995), that a simple discussion of an option by a physical therapist does not meet the definition of "prescribe." The Trustee also cites *In re McCashen*, 339 B.R. 907, 912 (Bankr. N.D. Ohio 2006), where a van was not exempt because it was not prescribed by a medical professional. Debtor argues that the Van was purchased with government funds after close review, and that government agencies made a rigorous determination of her need that was far more extensive than a doctor's opinion.

In *Driscoll*, the court concluded that an unmodified 1990 Lexus LS 400, which the debtor owned prior to his injury and which he discovered after his injury had sufficient space above the pedals for him to operate the Lexus satisfactorily with his prosthesis, was not professionally prescribed. 179 B.R. at 665. *Driscoll* is distinguishable on the facts because the parties therein stipulated that a health care professional did not prescribe the use of the Lexus under the definition of "prescribe" in a medical sense as defined in *Black's Law Dictionary* 1064 (5th Ed. 1981). In the instant case the stipulation of facts shows that the Debtor's disability was determined by government health authorities, which provided the funding for the purchase of the Van.

Dr. Fleischer's letter states that it was not necessary for Debtor to have a prescription for the Van, but goes on to say that Debtor's "condition will never change and she will need the vehicle indefinitely." Dr. Fleischer's statement regarding the necessity of a prescription must be viewed in the context of her medical opinion, wherein no prescription was necessary for the Van

for the Debtor to acquire it. Section 25-13-608(1)(a) does not require a prescription from a medical doctor, but rather states only that the health aid be "professionally prescribed."

In *McCashen,* the court noted that no evidence was submitted that an unmodified vehicle had been prescribed by a medical professional. 339 B.R. at 910, 912. Montana's MCA §25-13-608(1)(a) does not include the phrase "medically necessary health aid," so that is not a requirement like in *McCashen*. Under the plain language of MCA § 25-13-608(1)(a) the Van need only be "professionally prescribed," it does not require that it be prescribed by a "medical professional." Thus Dr. Fleischer's statement, as a medical doctor, that it was not necessary for the Debtor to have a prescription for the Van, is not conclusive for purposes of MCA § 25-13-608(1)(a), but even so Dr. Fleischer stated that Debtor "will need the vehicle indefinitely." Another professional, Debtor's physical therapist Kingan, gave "my professional opinion" that Debtor's continued independence depends greatly on retaining the Van, and that the Van with a chair-lift is "essential to her maintaining a job, making regular medical appointments, and general transportation."

The court *In re Hellen*, 329 B.R. 678, 682-83 (Bankr. N.D. Ill. 2005) examined the dictionary definitions of "professional" and "prescribe" and concluded: "The ordinary and plain meaning of these words leads to the conclusion that the intention of the Illinois legislature in drafting the provision was to require a person possessing skill or experience in a field to recommend or order the use of the health aids." This Court agrees with *Hellen*, and finds that Kingan's letter represents a clear recommendation by a professional of the use by the Debtor of the Van as a health aid, and therefore satisfies the requirement of § 25-13-608(1)(a) that the Van be "professionally prescribed." Kingan states that, without the Van, "transferring from her chair

7

to a car seat would be nearly impossible on a regular basis and would lead to further breakdown of her upper extremities and low back." In addition the Court finds that Dr. Fleischer's letter stating that the Debtor "will need the vehicle indefinitely" satisfies the requirement that the Van be professionally prescribed.

Next, the Trustee argues that the Van is not exempt as a "health aid" because it is not primarily used for the Debtor's receipt of medical care, citing *Driscoll*, 179 B.R. at 665-66, and because it is not uniquely suited and principally used as a health aid. The Trustee contends that the Debtor's exemption should be disallowed because she uses it for work and general transportation in addition to health care assistance. The Debtor contends that the Van was heavily modified to accept the wheelchair conversion and thus qualifies as a health aid, that without the conversion the Van has no practical use and is not marketable, and the Debtor would be left with no transportation without it. Debtor argues that she is a single mother living where there is no public transportation, and without the Van she could suffer health related issues.

The stipulated facts show that the Van was purchased expressly for the Debtor by state health authorities, specifically modified with a wheel-chair lift to accommodate her disability. The Lexus in *Driscoll* was owned by Driscoll prior to the loss of his foot, and was not modified. Unlike the Lexus in *Driscoll*, it cannot be disputed that the Debtor's Van was "designed to allow an injured person to approximate normal body function or to compensate for the effect that the injury had no normal body functions." *Driscoll*, 179 B.R. at 666. Stipulated Fact 11 quoted above states that the Debtor is unable to effectively pursue a job, seek health care assistance, or care for her or her family's needs without the availability of transportation and that the Van is her sole means of transportation.

8

Other cases involving exemptions in automobiles as health aids have focused on whether the asset is uniquely suited or principally used for a medical purpose. *In re Allard*, 342 B.R. 102, 104 (Bankr. M.D. Fla. 2005), the court considered whether a van specifically designed for the debtor's disability with a wheelchair lift was "uniquely suited and principally used for the diagnosis, cure, mitigation, treatment, or prevention, of disease or for the purpose of affecting any structure or function of the body." 342 B.R. at 103-04, quoting *In re Kirby*, 223 B.R. 825, 830 (Bankr. M.D. Fla. 1998). The court denied the trustee's motion for turnover of the debtor's van because it was specifically designed to accommodate the debtor's disability, was converted and specifically designed for the debtor to enter and exit, and the debtor required the van to participate in everyday activities, including weekly visits to her doctor, so it was exempt as a "professionally prescribed health aid" pursuant to Florida law. *Allard*, 342 B.R. at 104. In the instant case the stipulated facts show that Debtor's Van likewise was specially designed and purchased to accommodate the Debtor's disability and the Debtor requires the Van for employment, transportation and to seek health care assistance. Unlike in *Kirby*, the stipulated facts here state that the Debtor's Van is her sole means of transportation and she has no alternative means. *Allard*, 342 B.R. at 104, citing *Kirby*, 223 B.R. at 830.

An automobile cannot be exempted as a health aid unless is it uniquely situated as a health aid. *Allard*, 342 B.R. at 104; *Driscoll*, 179 B.R. at 666. In *McCashen*, 339 B.R. at 912-13, the court disallowed a health aid exemption for a motor vehicle. Although the court noted the hardship on the debtor, it found that the van was not professionally prescribed by a medical professional and was not "medically necessary health aid" under Ohio law[2]. In Montana, MCA §

---

[2]Ohio Rev. Code § 2329.66(A)(7).

9

25-13-608(1)(a) does not require that the health aid be medically necessary, so *McCashen* is distinguishable on the law.

In *Driscoll*, 179 B.R. at 666, the court adopted the IRS definition[3] of medical care in deciding that the unmodified Lexus was not a health aid under Oregon law because it was not "uniquely suited and principally used for the diagnosis, cure, mitigation, treatment or prevention of disease for the purpose of affecting any structure or function of the body," but rather was simply used for transportation and no evidence existed in the record that the transportation was primarily for and essential to the debtor's medical care. In the instant case Agreed Fact No. 5 states that funding for the purchase of the Van was provided by the Montana Department of Public Health & Human Services, Vocational Rehabilitation and Northwest Montana Human Resource Council. Agreed Fact No. 11 states that the Van is the Debtor's sole means of transportation, and without transportation the Debtor is unable to effectively pursue a job, seek health care assistance, or care for her or her family's needs.

Agreed Fact No. 11 establishes that the Van is the Debtor's sole means of transportation, including to seek health care assistance, which was the basis for allowing an exemption in a van as a professionally prescribed health aid in *Allard*, 342 B.R. at 104. The court in *McCashen* utilized dictionary definitions to describe a health aid as "something which is useful either to (1) help a debtor attain freedom from disease or pain; or (2) support the debtor's physical or mental well being." 339 B.R. at 911. The court noted that an unmodified van does not help an individual be free from pain or disease and does not directly support physical or mental well-being, but on the other hand facilitates the debtor's efforts to travel to necessary medical

---

[3] 26 U.S.C. § 213(d)(1).

10

appointments, which supported treating it as a health aid. 339 B.R. at 911-12[4].

In the instant case the Debtor uses the Van as her sole means of transportation, with no evidence of alternative means, including to seek medical assistance. The Van was provided by state health authorities specially modified to accommodate the Debtor's disability. Both her doctor and her physical therapist agree that the Debtor needs the Van for her disability, and her physical therapist specifically noted that forcing her to transfer her wheelchair to a regular car seat "would be nearly impossible on a regular basis and would lead to further breakdown of her upper extremities and low back." Applying the definition of "health aid" in *McCashen*, the Court finds that the Debtor's Van helps her attain freedom from pain and supports her physical and mental well-being. 339 B.R. at 911. After consideration of the stipulated facts, and the reasoning set forth above from *Driscoll*, *Allard, Hellen*, and *McCashen*, the Court finds and concludes that the Debtor's Van qualifies as a health aid under MCA § 25-13-608(1)(a), without limitation.

Finally, the Trustee argues that if the Court finds that the modifications to the Van render it a health aid, the Court should not exempt the entire value of the Van, but rather only the value of the wheelchair conversion kit, citing *Hellen*, 329 B.R. at 686. However, the Trustee offered no evidence of the value of the Van if the wheel-chair lift was removed. Agreed Fact No. 13 states that the Van without the modification would be a "shell," and the Trustee's failure to provide evidence of any value for the Van without the modification weighs against the Trustee as the party with the burden of proof under Rule 4003(c).

---

[4]The court did not resolve the status of the van as a health aid because there was no evidence that it was prescribed by a medical professional. 339 B.R. at 912.

Furthermore, *Hellen* notes that the debtors could stack their available exemptions, and noted that the debtors were entitled a separate motor vehicle exemption. 329 B.R. at 686. In the instant case the Debtor has not claimed a separate motor vehicle exemption under Montana law, but a $2,500 exemption in one motor vehicle is allowed under MCA § 25-13-609(2).

Amendment of schedules by a debtor is liberally allowed pursuant to F.R.B.P. 1009(a) as a matter of course at any time before the case is closed. *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 784 (9th Cir. 2000), (citing *Martinson v. Michael*, 17 Mont. B.R. 192, 198, 163 F.3d 526, 529 (9th Cir. 1998)); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982); *Magallanes v. Williams (In re Magallanes)*, 96 B.R. 253, 256 (9th Cir. BAP 1988) (citing cases). "The bankruptcy court has no discretion to disallow amended exemptions, unless the amendment has been made in bad faith or prejudices third parties." *Arnold v. Gill*, 252 B.R. at 784. Therefore, even if the Trustee had satisfied his burden to show that the Van with the modifications removed had a value, after paying the cost of removing the wheel-chair lift, the Debtor could amend her Schedule C and claim a $2,500 motor vehicle exemption in the Van under Montana law unless the Trustee proved the amendment was made in bad faith or prejudices third parties.

Based upon the cases cited above and the liberal construction of Montana's exemption statutes, this Court finds that the Trustee failed his burden of proof under F.R.B.P. 4003(b) to show by a preponderance of the evidence that the Debtor's exemption in the modified Van claimed under MCA § 25-13-608(1)(A) is not properly claimed and should be disallowed.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a).

2. The Trustee's objection to Debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

3. The Trustee failed to satisfy his burden of proof under F.R.B.P. Rule 4003(c) of proving that the Debtor's exemption in the Van modified with a wheel chair lift is not properly claimed under MCA § 25-13-608(1)(a) as a "professionally prescribed health aid."

4. Debtor's Van is professionally prescribed for the Debtor by her licensed physical therapist and treating physician.

5. Debtor's Van is a health aid under MCA § 25-13-608(1)(a) based on Stipulated Fact No. 11 which states that the Van is the Debtor's sole means of transportation, and without transportation the Debtor is unable to effectively pursue a job, seek health care assistance, or care for her or her family's needs.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the Trustee's objection to Debtor's claim of exemption filed on September 4, 2008 (Docket No. 12).

        BY THE COURT

        /s/ Ralph B. Kirscher
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana

14